THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LADIUS STEVENS, Defendant-Appellant.

First District (6th Division)   No. 1—97—1560

Opinion filed June 12, 1998.

Rita A. Fry, Public Defender, of Chicago (James S. Jacobs, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Assistant State's Attorney, of counsel), for the People.

JUSTICE ZWICK delivered the opinion of the court:

The State alleged by way of indictment that defendant, Ladius Stevens, collided with and killed a motorist on May 4, 1994, while he was driving a stolen motor vehicle on the Dan Ryan Expressway. At the time, defendant was attempting to evade police who were chasing him as he drove at a high rate of speed. Defendant was charged with multiple counts of murder, burglary and aggravated possession of a stolen motor vehicle.

Following plea discussions with prosecutors during which he was offered but rejected a 20-year sentence (see 134 Ill. 2d R. 402(d)), defendant elected to be tried without a jury. On January 8, 1997, before the trial commenced, the court informed defendant that the State's 20-year offer would not be binding upon the court if the defendant elected to proceed to trial and was convicted, and if the evidence in aggravation and mitigation indicated that a longer sentence was warranted. Defendant stated that he understood that he was at risk of being sentenced to longer than a 20-year term if he were convicted.

After trial commenced on two counts of murder (720 ILCS 5/9—1(a)(2), 9—1(a)(3) (West 1992)) and one count of aggravated possession of a stolen motor vehicle (625 ILCS 5/4—103.2(7)(A) (West 1992)), and after two witnesses testified, defendant's counsel informed the

court that defendant wished to withdraw his plea of not guilty. The circuit court again informed defendant that the 20-year plea offer the State had made had been withdrawn and that he could face as long as 60 years on a murder charge. Defendant persisted in his decision to enter a blind plea. The circuit court then determined that there was a factual basis sufficient to support defendant's guilty plea and entered judgment on the charges. The court ordered a presentencing investigation.

As part of the presentencing investigation, defendant met with two psychiatrists to consider whether he was fit to be sentenced. Defendant told each of them that he had been "railroaded" by his lawyer and that he wished to withdraw his blind plea. The second psychiatrist noted this in his presentencing report dated March 26, 1997. The report indicated that defendant was fit to be sentenced.

During a hearing on April 1, 1997, to consider the results of the presentencing investigation, defendant stated to the court that he wished to withdraw his guilty plea. The court denied the request and set a sentencing date for April 7, 1997.

On April 7, 1997, after hearing evidence in aggravation and mitigation, the circuit court merged defendant's murder convictions and then sentenced defendant to a 27-year term on the murder conviction and a 10-year concurrent term on the conviction for aggravated possession of a stolen motor vehicle. The possession charge was aggravated based upon defendant's flight from police.

Immediately after sentencing, the circuit court informed defendant that he could, if he elected to do so, file a written motion asking to withdraw his plea and vacate his sentence; that if that motion had legal merit it would be granted and the case would be set for trial; that if defendant could not afford an attorney to prepare the motion the court would appoint one; that if the motion were denied he would have a right to appeal the ruling by filing a notice of appeal within 30 days from its denial; and that if he could not afford an attorney to handle the appeal the court would appoint one for that purpose. The circuit court did not explain, as required by Supreme Court Rule 605(b)(6), that if defendant failed to include an issue in his postsentencing motion he would waive the claim for purposes of any appeal. See 145 Ill. 2d R. 605(b)(6).

The transcript of the April 7, 1997, hearing does not indicate any response by the defendant regarding the circuit court's admonishments to him. Instead, defendant's attorney immediately tendered a typed generic motion seeking reconsideration of "the sentence." The motion alleged that the sentence was excessive and had been imposed without consideration of defendant's rehabilitative potential. The mo-

tion did not seek reconsideration of the circuit court's refusal to allow defendant to withdraw his blind plea even though defendant had clearly indicated a desire in open court to withdraw it. Counsel also filed a certificate under Supreme Court Rule 604(d) indicating that defendant had been personally presented with the official transcript of the guilty plea and that the motion to reduce his sentence "adequately present[ed] the defects in the proceedings." The court addressed the merits of the motion and denied it.

The following day, on April 8, 1997, defendant's attorney filed a notice of appeal.

Subsequently, on April 16, 1997, within 30 days of sentencing, defendant filed a written *pro se* motion seeking reconsideration of the court's decision denying his request to withdraw his guilty plea. Defendant also filed a written *pro se* motion seeking to have his sentence reduced from 27 years to 20 years. In an affidavit attached to the motion, defendant claimed that he did not understand at the time he agreed to plead guilty that he could be sentenced to more than 20 years in prison.

On June 4, 1997, the circuit court dismissed both motions. The court specifically found that it lacked jurisdiction to consider the *pro se* motions in light of the defendant's filing of a notice of appeal on April 8. Defendant did not file a subsequent notice of appeal so as to include the circuit court's dismissal of his *pro se* motions as an issue for our review.

On appeal in this court, defendant argues that he should have been allowed to withdraw his guilty plea and that the circuit court committed reversible error both in denying his oral request to revoke his plea on April 1, 1997, as well as his *pro se* written postsentencing motions filed on April 16, 1997. Defendant also challenges his sentence and claims that his felony murder conviction based upon aggravated possession of a stolen motor vehicle is void because aggravated possession of a stolen motor vehicle is not a "forcible felony." Before we can reach these issues, however, we must address a serious jurisdictional defect in defendant's appeal.

■ Supreme Court Rule 604(d) sets out the requirements a defendant must meet when appealing from a judgment entered on a plea of guilty. The rule states in relevant part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment. The motion shall be in writing and shall state

the grounds therefor. *** Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." 145 Ill. 2d R. 604(d).

In *People v. Wilk*, 124 Ill. 2d 93, 105, 529 N.E.2d 218 (1988), our supreme court held that the requirement that defendant file a written postsentencing motion is not "a suggestion" but, rather, mandatory. See *Wilk*, 124 Ill. 2d at 103. Thus, a written postsentencing motion is a "condition precedent" to any appeal defendant may wish to bring. *Wilk*, 124 Ill. 2d at 105.

The flaw in defendant's current appeal is that Rule 604(d) precludes appellate review of an oral motion attacking a guilty plea without the filing of a subsequent written motion specifically setting out the alleged error, and defendant's *pro se* written motion challenging the plea was filed *after* his notice of appeal. Although defendant's *pro se* motion was filed within 30 days of sentencing and was technically "timely" (see *People v. Rowe*, 291 Ill. App. 3d 1018, 1020, 684 N.E.2d 1368 (1997)), defendant never withdrew his notice of appeal so as to revest the circuit court with authority to consider the motion, nor did defendant file a subsequent notice of appeal in order to bring the dismissal of the motion within our jurisdictional purview. Thus, the only notice of appeal pursuant to which we might consider defendant's substantive claims was filed April 8, 1997, and this notice necessarily fails to include the circuit court's dismissal of defendant's written postsentencing motions on April 16, 1997. See *People v. Hook*, 248 Ill. App. 3d 16, 18, 615 N.E.2d 6 (1993); but see *Rowe*, 291 Ill. App. 3d at 1023 (circuit court must rule on merits of timely posttrial motion attacking sentencing even after notice of appeal is filed; dismissal of motion on jurisdictional grounds is improper—*cause remanded*).

Defendant recognizes his failure to strictly comply with the requirements of Supreme Court Rule 604(d), but argues that we must allow a conditional remand to the circuit court so that he may have the opportunity to file his written postsentencing motion in the circuit court at a time when the court has jurisdiction to rule on the motion. He bases his claim in this regard upon the failure of the circuit court to admonish him properly at the sentencing hearing pursuant to Supreme Court Rule 605(b). See 145 Ill. 2d R. 605(b).

■ Rule 605(b) has been held to complement Rule 604(d) and serves as its corollary. *People v. Tufte*, 165 Ill. 2d 66, 71, 649 N.E.2d 374 (1995). Like the requirements of Rule 604(d), Rule 605(b) is mandatory in nature and states:

"In all cases in which a judgment is entered upon a plea of guilty,

at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) that he has a right to appeal;

(2) that prior to taking an appeal he must file in the trial court, within 30 days of the date on which a sentence is imposed, a written motion asking to have the trial court reconsider the sentence or have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion;

(3) that if the motion is allowed, the sentence will be modified or the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if he is indigent, a copy of the transcript of the proceedings at the time of his plea of guilty and sentence will be provided without cost to him and counsel will be appointed to assist him with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment and to withdraw his plea of guilty shall be deemed waived." 145 Ill. 2d R. 605(b).

In this case, defendant correctly points out that he was not advised that any issue he failed to include in his written postsentencing motion would be deemed waived, as expressly required by the rule. 145 Ill. 2d R. 605(b)(6).

In *People v. Foster*, 171 Ill. 2d 469, 665 N.E.2d 823 (1996), and more recently, in *People v. Jamison*, 181 Ill. 2d 24 (1998), our supreme court has held that when the circuit court fails to advise a defendant as required by Supreme Court Rule 605(b), the waiver rule provision in Supreme Court Rule 604(d) should not result in the case being dismissed on appeal. Rather, in order to prevent the defendant from suffering unfair prejudice when he fails to file a written postsentencing motion, the supreme court in *Foster* held that the appellate court must remand the matter to the circuit court so that "strict compliance" with Rule 604(d) can be accomplished. *Foster*, 171 Ill. 2d at 473-74. In *Jamison*, where the defendant filed a Rule 604(d) postsentencing motion attacking his sentence but not his guilty plea, the court retained jurisdiction over the sentencing aspects of the appeal pursuant to its supervisory authority and remanded the case to the circuit court for the limited purpose of properly admonishing the defendant

so that defendant might have the opportunity to file a postsentencing motion attacking his guilty plea. *Jamison*, 181 Ill. 2d at 31.

■ Here, because the circuit court failed to inform defendant at sentencing that the failure to include any issue he wished to raise in a written posttrial motion would result in its waiver on appeal, defendant was not admonished in accordance with Supreme Court Rule 605(b). 145 Ill. 2d R. 605(b)(6). In accordance with the supreme court's pronouncements in *Foster* and *Jamison*, we must remand the cause to the circuit court in order to allow the defendant to be properly admonished and to have an opportunity to file a motion to withdraw his plea of guilty under Rule 604(d), if he so desires.

Our disposition presents the difficult question of whether the case should be remanded in its entirety, as the court did in *Foster*, or whether this court should retain jurisdiction over those issues properly raised by defendant in his written postsentencing motion filed by his attorney on April 7, 1997, as the court did in *Jamison*. After carefully considering the question, we conclude that the better course is to follow the example of *Jamison* and retain jurisdiction over those issues properly raised in defendant's written postsentencing motion. Although we recognize that the supreme court in *Jamison* remanded the matter to the circuit court pursuant to its supervisory authority, authority which this court does not share, there is nothing in *Jamison* to indicate that the court did not intend for the case to represent precedent for the appellate court to follow when facts so warrant. Retaining jurisdiction will prevent the parties from having to refile the appeal and rebrief issues that have already been briefed and addressed by the attorneys at oral argument. We retain jurisdiction rather than addressing the merits of defendant's sentencing claims because, if defendant elects to file a postsentencing motion attacking his plea on remand, and if that motion is granted, any claim regarding improper sentencing may become moot.

In sum, we hold that the circuit court's failure to properly admonish defendant pursuant to Supreme Court Rule 605(b) prevents us from dismissing defendant's claims regarding his guilty plea even though defendant failed to raise such issues in a written postsentencing motion prior to filing a timely notice of appeal. We retain jurisdiction over those issues properly raised in defendant's written posttrial motion filed April 7, 1997, concerning his sentencing. If, after receiving proper Rule 605(b) admonitions, defendant elects not to file a motion to withdraw his guilty plea or 30 days pass, whichever is sooner, we will proceed to address defendant's remaining arguments. If defendant files a motion to withdraw his guilty plea and it is allowed, we will release jurisdiction back to the circuit court and dismiss the ap-

peal. If defendant files a motion to withdraw his guilty plea and it is denied, we will address his remaining arguments, as well as any arguments defendant may wish to make relating to the denial of that motion, provided, of course, that defendant files a timely notice of appeal from the denial and moves to consolidate the two appeals. Defendant's counsel shall keep the clerk of this court fully informed of the progress of the case on remand.

Cause remanded with directions.

CAMPBELL, P.J., and QUINN, J., concur.