*In re* J.L.R., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. J.L.R., Respondent-Appellant).

Second District    No. 2—97—0689

Opinion filed December 9, 1998.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

Roger T. Russell, State's Attorney, of Belvidere (Martin P. Moltz and Diane L. Campbell, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE GEIGER delivered the opinion of the court:

The sole issue presented in this appeal is whether Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)) applies to juvenile delinquency adjudications. We hold that it does.

The relevant facts are easily stated and not in dispute. In a petition for adjudication of wardship, the State alleged that the respon-

dent, J.L.R., was delinquent for unlawfully possessing with an intent to deliver more than 1 gram but less than 15 grams of a substance containing cocaine (720 ILCS 570/401(c)(2) (West 1996)). Pursuant to a fully negotiated plea agreement, the respondent admitted to the offense alleged in the petition and the State recommended a disposition of 30 days in jail, 70 hours of community service, probation until the respondent's nineteenth birthday, and drug and alcohol counseling as recommended by the probation department. As part of the same negotiation, the respondent also agreed to plead guilty to one pending adult offense in exchange for the State's dismissal of another pending adult offense. The trial court accepted the plea agreement, entered a dispositional order containing the terms set forth above, and concluded the proceedings without admonishing the respondent as set forth in Supreme Court Rule 605(b). This timely appeal followed.

On appeal, the respondent argues that the trial court erred by failing to admonish him in accordance with Supreme Court Rule 605(b). He therefore requests that we remand this cause to the trial court so that he may be admonished in accordance with Rule 605(b) and given the opportunity to file a motion to withdraw his guilty plea if he so desires.

■■ Supreme Court Rule 660(a) (134 Ill. 2d R. 660(a)) provides that "[a]ppeals from final judgments in delinquent minor proceedings, except as otherwise specifically provided, shall be governed by the rules applicable to criminal cases." In *In re R.C.K.*, 285 Ill. App. 3d 310, 312 (1996), this court held that, under Rule 660(a), Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) applies to juvenile delinquency proceedings. Recently, discussing the relationship between Rules 604(d) and 605(b), the Illinois Supreme Court stated:

> "Rules 604(d) and 605(b) are meant to work together. [Citation.] This court requires strict compliance with Rule 604(d) by a defendant. [Citation.] *A necessary antecedent, however, is that the defendant be given the admonitions prescribed by Rule 605(b) to advise him of those requirements.*" (Emphasis added.) *People v. Jamison*, 181 Ill. 2d 24, 29 (1998).

This statement makes perfect sense, as the admonitions set forth in Rule 605(b) advise a defendant who has pleaded guilty of his right to appeal and of his obligations under Rule 604(d). See *Jamison*, 181 Ill. 2d at 29. Given both the supreme court's pronouncement on the synergy between Rules 604(d) and 605(b) and this court's holding that Rule 604(d) applies to juvenile delinquency adjudications, we conclude that Rule 605(b) likewise applies to juvenile delinquency adjudications.

■ Accordingly, because the respondent was not admonished in ac-

cordance with Rule 605(b), we remand this cause to the trial court so that the respondent can be given Rule 605(b) admonitions and allowed the opportunity to withdraw his guilty plea if he so desires. See *Jamison*, 181 Ill. 2d at 30.

Cause remanded with directions.

BOWMAN and HUTCHINSON, JJ., concur.