29 September 2000
 

No. 2--99--0911

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE OF ) Appeal from the Circuit Court

ILLINOIS, ) of Stephenson County.

)

Plaintiff-Appellee, ) 

)   

v. ) Nos. 98--CF--205

) 98--CF--206

  )

LISA A. WINSTON, ) Honorable

) Charles R. Hartman,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________

JUSTICE RAPP delivered the opinion of the court:

Defendant, Lisa A. Winston, appeals from the trial court's orders finding that she violated the conditions of her probation and resentencing her.  Defendant claims that the trial court erred in (1) failing to fully admonish her pursuant to Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)); and (2) ordering her to pay a public defender fee without holding a hearing to consider her ability to pay.  We remand with directions.

On February 17, 1999, defendant pleaded guilty in case No. 98--CF--205 to possession of a controlled substance (less than 15 grams of a substance containing heroin) (720 ILCS 570/401(c) (West 1998)) and in case No. 98--CF--206 to unlawful delivery of a controlled substance (more than 1 but less than 15 grams of a substance containing cocaine) (720 ILCS 570/402(c)(2) (West 1998)).  Pursuant to the terms of a plea agreement, defendant was sentenced to three years' probation on the delivery charge in case No. 98--

CF--206 and two years' probation on the possession charge in case No. 98--CF--205, the periods to run concurrently.  Both probation orders required defendant to undergo drug evaluation and follow-up and random drug testing.  The terms of probation imposed on the delivery charge included 90 days in jail, to be served on weekends, less credit for time already served; a fine of $1,500; a $200 street-value assessment; a probation fee of $15 per month; and $500 to the public defender fund.  The terms of probation on the possession charge included a $500 fine, a $50 street-value assessment, and a $50 laboratory fine.

On May 26, 1999, and June 2, 1999, the State filed petitions to revoke defendant's probation in both cases.  Supplemental petitions were filed on June 9, 1999, and July 15, 1999.  These petitions alleged that defendant had violated the terms of her probation by reporting late or not at all to jail and by failing to report for random drug testing.

Following a hearing on June 28, 1999, defendant was found to have violated her probation in both cases.  On July 27, 1999, the trial court revoked defendant's probation in case No. 98--CF--205 and sentenced defendant to three years' imprisonment.  The trial court also extended defendant's probation for four years in case No. 98--CF--206.  Defendant timely appealed.

I.  ADMONISHMENTS

Defendant contends that the trial court failed to fully admonish her pursuant to Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)) after the February 17, 1999, guilty plea and sentencing hearing.  Defendant contends that this cause should be remanded for full compliance with Rule 605(b) and to allow her to file a motion to withdraw her guilty pleas.

The State acknowledges that the trial court failed to advise defendant of the 30-day time limitation for filing a motion for leave to withdraw her guilty pleas.  However, the State argues that defendant may not collaterally attack her pleas of guilty in an appeal from the orders revoking her probation in case No. 98--CF--

205 and extending her probation in case No. 98--CF--206.

Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) requires a defendant who wishes to appeal from a conviction following a guilty plea to first file in the trial court a written motion to withdraw his plea of guilty or to reconsider his sentence.  "A necessary antecedent, however, is that the defendant be given the admonitions prescribed by Rule 605(b) to advise him of those requirements."  
People v. Jamison
, 181 Ill. 2d 24, 29 (1998).  In 
Jamison
, the court held that, when a trial judge fails to provide the proper Rule 605(b) admonishments and the defendant fails to follow Rule 604(d), the cause should be remanded to the trial court so that the defendant can be given the correct admonitions and allowed the opportunity to withdraw his guilty plea.  
Jamison
, 181 Ill. 2d at 29-31.

Here, the trial court failed to advise defendant of the 30-day time limitation for filing a motion for leave to withdraw her guilty pleas, as mandated by Rule 605(b).  We note that, pursuant to 
Jamison
, it appears that a defendant may attack the judgment at any time when the trial court has failed to give proper admonishments.  Therefore, when a trial court fails to properly admonish a defendant as to the 30-day limitation for filing a motion for leave to withdraw a guilty plea, the finality of the case is always in question.  We remand this cause to the trial court so that defendant can be given correct admonitions and allowed the opportunity to withdraw her guilty pleas.

II.  PUBLIC DEFENDER FEE

Defendant also argues that the trial court erred in ordering her to pay a public defender fee without holding a hearing to consider her ability to pay.  This argument would be moot if defendant files a motion to withdraw her guilty pleas and the motion is allowed by the trial judge.  In any event, defendant has waived this issue by not raising it in the trial court.  See 
People v. Albert
, 243 Ill. App. 3d 23, 28 (1993).

III.  CONCLUSION

We remand the causes in case Nos. 98--CF--205 and 98--CF--206 to the circuit court of Stephenson County to admonish defendant in accordance with Rule 605(b) within 30 days of the date our mandate is filed in the trial court so that defendant may have an opportunity to file a motion to withdraw her pleas of guilty under Rule 604(d) if she desires.  The trial court shall appoint counsel to assist defendant if the court finds defendant indigent.  If the trial court vacates the sentences of probation, the court should then vacate the three-year sentence and the four-year extended probation that resulted from the violation of probation.  If the trial court denies defendant's postplea motion so as to reconfirm the original sentences of probation, the three-year sentence and the four-year extended probation resulting from the probation violation will stand.  Defendant may then appeal the denial of her new postplea motion should she choose to do so.

Remanded with directions.

GEIGER and COLWELL, JJ., concur.