THIRD DIVISION

                                     Date Filed: June 28, 2002

No. 1-00-1305

THE PEOPLE OF THE STATE OF ILLINOIS,   ) Appeal from the

                                       ) Circuit Court of

           Plaintiff-Appellee,         ) Cook County.

                                       )

           v.                          ) No. 97 CR 15781

                                       )

ANTHONY JOHNSON,                       ) Honorable

                                       ) John Moran,

           Defendant-Appellant.        ) Judge Presiding.

     PRESIDING JUSTICE HALL delivered the opinion of the Court:

     The defendant, Anthony Johnson, appeals from the dismissal of his petition for relief pursuant to the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 
et
 
seq
. (West 1998)).  The circuit court rejected the defendant's claim that he was convicted under a statute later declared unconstitutional as violative of the single subject rule provisions of the Illinois Constitution of 1970 and dismissed the petition as frivolous and without merit.  On appeal, the defendant has abandoned his original constitutional claim and now contends that his sentence is unconstitutional pursuant to 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).

     The defendant pleaded guilty to delivery of a controlled substance (720 ILCS 570/401(d) (West 1996)).  On September 10, 1997, he was sentenced to three years' probation, which included a mandatory drug treatment program.  On July 15, 1998, the defendant "pleaded guilty" to violating his probation, and the circuit court imposed a sentence of nine years' imprisonment in the Department of Corrections.    

     On January 4, 2000, the defendant filed his postconviction petition and a motion to withdraw his guilty plea.  On January 28, 2000, the circuit court denied his motion to withdraw his guilty plea and denied his postconviction petition as frivolous and without merit.  On February 23, 2000, the defendant filed a motion to review his sentence.  Leave to file the motion, which the circuit court treated as a motion to reconsider sentence, was denied on March 1, 2000.    

     The defendant filed his notice of appeal on March 30, 2000.

     On appeal, the defendant raises the following issues: 
(1)  whether 
Apprendi
 requires that the defendant be resentenced as a Class 2 offender and 
(2) whether the Illinois Constitution requires that the defendant be resentenced as a Class 2 offender.  
     At oral argument in this case, this court 
sua
 
sponte
 raised an issue as to whether the defendant had been properly admonished pursuant to Supreme Court Rule 605(b) (188 Ill. 2d R. 605(b)) at the time he entered his original plea of guilty.  The defendant had not previously raised this issue.  The parties were ordered to file supplemental briefs on this issue.  Because we find that issue is dispositive of the appeal in this case, we need only address that issue.

  
Whether This Case Must Be Remanded for the Defendant

to be Admonished Pursuant to Rule 605(b)

     Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) requires a defendant who wishes to appeal from a conviction following a guilty plea to first file in the circuit court a written motion to withdraw his plea of guilty or to reconsider sentence.  A necessary antecedent, however, is that the defendant be given the admonitions prescribed by Rule 605(b) to advise him of those requirements.  
People v. Jamison
, 181 Ill. 2d 24, 29, 690 N.E.2d 995, 998 (1998).  
 

     The State concedes that the trial court never advised the defendant as to his appellate rights but argues that the circuit court did not "affirmatively mis-inform" the defendant as to those rights.  The State further argues that the defendant waived any issue as to the lack of admonishments by failing to raise the issue until this court raised it at oral argument.  While acknowledging that the waiver rule is not absolute, the State maintains that the defendant must fulfill the "cause and prejudice" test in order for his procedurally defaulted claim to be considered.  See 
People v. Owens
, 129 Ill. 2d 303, 544 N.E.2d 276 (1989).  Finally, the State maintains that the failure to give the admonishments is not a recognizable claim under the Act.  We find the State's arguments unpersuasive 
in
 
toto
.

     A defendant may attack the judgment at any time when the trial court has failed to give the proper admonishments.  
People v. Winston
, 316 Ill. App. 3d 618, 620, 737 N.E.2d 304, 306 (2000), 
citing 
Jamison
, 181 Ill. 2d 24, 690 N.E.2d 995.  In 
Winston
, the court rejected the State's argument that the defendant could not collaterally attack her pleas of guilty in an appeal from orders entered in her cases revoking and extending her probation. The court held that where a trial court fails to properly admonish a defendant as to the 30-day limitation for filing a motion for leave to withdraw a guilty plea, the finality of the case is always in question.  
Winston
, 316 Ill. App. 3d at 620, 737 N.E.2d at 306.  

     Since the defendant may attack the judgment at any time when he has not been properly admonished pursuant to Rule 605(b), the defendant's claim has not been "procedurally defaulted," and therefore, there is no issue of waiver in this case.  As to the State's attempted distinction between misinforming and failing to inform, the trial court in 
Winston
 failed to advise the defendant that there was a 30-day limitation for filing a motion to withdraw her plea of guilty.  While the State suggests that, in all likelihood, the defendant would not have moved to vacate his guilty plea because he received probation, the defendant in 
Winston
 likewise was originally sentenced to probation, as well as fines and a 90-day jail sentence.
(footnote: 1)  

     Finally, the State argues that the failure to admonish the defendant as to his rights under Rule 605(b) cannot be the basis for relief under the Act.
(footnote: 2)  However, in this case, the defendant filed a separate motion to withdraw his guilty in addition to his petition for postconviction relief.  

     In any event, in 
People v. Bates
, this court held that a defendant stated the gist of a constitutional claim where the trial court failed to inform him that, as an alternative to filing a motion to vacate his plea of guilty, the defendant could have chosen to file a motion to reconsider only his sentence.  
People v. Bates
, 323 Ill. App. 3d 77, 751 N.E.2d 180 (2001).

     The State attempts to distinguish 
Bates
 on the basis that the circuit court in this case did not mislead the defendant with inaccurate admonishments and, in fact, properly admonished the defendant in accordance with Supreme Court Rule 402(a)(4) (177 Ill. 2d R. 402(a)(4)) that if he pleaded guilty, there would not be a trial.  However, it is the failure to advise the defendant of his rights to appellate review that is at issue in this case, not his right to a trial.

     The State maintains that the failure to inform at all does not mislead a defendant as to his rights under Rule 605(b) and therefore does not implicate a defendant's due process rights.  However, in 
Bates
, this court specifically noted that "fundamental fairness further requires that a criminal defendant be given admonitions that 
completely
 and accurately convey the procedural mandates outlined by Rule 604(d)."  (Emphasis added.)  
Bates
, 323 Ill. App. 3d at 84, 751 N.E. 2d at 187.  In this case, the circuit court's failure to give 
any
 admonishments as to the defendant's appellate rights failed both the completeness and the accuracy requirements.  

     When a defendant is not given Rule 605(b) admonishments 

and subsequently fails to file a motion to withdraw his plea of guilty, the cause should be remanded for further proceedings.  
Jamison
, 181 Ill. 2d at 31, 690 N.E.2d at 998.  In this case, while the defendant did ultimately file a motion to withdraw his guilty plea, it was filed more than two years later and did not set forth any grounds for relief.  The motion therefore did not comply with Rule 604(d).  When a trial judge fails to provide the proper Rule 605(b) admonishments and the defendant fails to follow Rule 604(d), the cause should be remanded to the trial court so that the defendant can be given the correct admonishments and allowed the opportunity to withdraw his guilty plea.  
Jamison
, 181 Ill. 2d at 29-30, 690 N.E.2d at 998.
(footnote: 3)
     Therefore, we conclude that this case must be remanded for further proceedings.

     We note that in 
Winston
, the appellate court remanded the case, contemplating that the defendant would file a new appeal if she chose to file a motion to withdraw her guilty plea, and it was denied.  See 
Winston
, 
316 Ill. App. 3d at 620, 737 N.E.2d at 306.

     However, in 
People v. Stevens
, 297 Ill. App. 3d 408, 696 N.E.2d 828 (1998), 
appeal
 
denied
, 179 Ill. 2d 611, 705 N.E.2d 447 (1998), this court followed the procedure in 
Jamison
, choosing to retain jurisdiction over the issues properly raised in the defendant's written posttrial motion, while remanding the case to the trial court for the defendant to be properly admonished as to Rule 605(b) and for any further action by the defendant as a result of those admonitions.  
Stevens
, 297 Ill. App. 3d at 414-15, 696 N.E.2d at 833.  

     However, in this case, the defendant failed to raise any issues in his motion to vacate his guilty plea.  Therefore, we see little advantage to retaining jurisdiction over this case, pending the events in the circuit court.

     Therefore, 
following the procedure in 
Winston
, we remand this case to the circuit court of Cook County for the defendant to be admonished in accordance with Rule 605(b) in order that the defendant may have an opportunity to file an amended motion to withdraw his plea of guilty under Rule 604(d), if he desires.  The circuit court shall appoint counsel to assist the defendant if the court finds the defendant indigent.  See 
Winston
, 316 Ill. App. 3d at 620-21, 737 N.E.2d at 306.

     If the circuit court grants the defendant's postplea motion and vacates the defendant's original sentence of probation, the court should then vacate the nine-year sentence that resulted from the violation of his probation.  If the circuit court denies the defendant's postplea motion so as to reconfirm the original sentence of probation, the nine-year sentence resulting from the probation violation shall stand.  The defendant may then appeal the denial of his new postplea motion should he choose to do so.  See 
Winston
, 316 Ill. App. 3d at 620-21, 737 N.E.2d at 306.  

     Remanded with directions.

     CERDA and SOUTH, JJ., concur.

     

     

  

     

    

     

FOOTNOTES
1:
The State's supplemental brief does not address the decision in 
Winston
.

2:
In 
Jamison
, the supreme court rejected the State's argument that the proper relief for any deficiency in the trial court's admonishments was under the Act where the defendant could challenge his attorney's competency.  The court noted that the failure to provide the proper admonishments was apparent from the record and, therefore, it was appropriate to remand the case for strict compliance with the rules governing guilty pleas and not limit the defendant to the more restrictive forum of postconviction proceedings.  
Jamison
, 181 Ill. 2d at 30, 690 N.E.2d at 998.

3:
People v. Burton
, 184 Ill. 2d 1, 703 N.E.2d 49 (1998) is distinguishable from the present case.  In that case, although the defendant was not fully admonished as to Rule 605(b), the defendant did file postsentencing motions attacking both the guilty plea and the sentence.  A hearing was conducted on both motions, giving the trial court the opportunity to consider the issues and correct any error.  Therefore, the failure to fully admonish the defendant was harmless error.  
Burton
, 184 Ill. 2d at 20, 703 N.E.2d at 58. In the present case, the defendant did not raise any specific errors in his motion to vacate his guilty plea and did not receive a hearing on the motion.