*In re* J.T., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. J.T., Respondent-Appellant).

First District (3rd Division)   No. 1—02—3868

Opinion filed March 24, 2004.—Rehearing denied April 22, 2004.

Michael J. Pelletier and Heidi Linn Lambros, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Kathleen Warnick, and Christine Santoro, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HALL delivered the opinion of the court:

Following a conference pursuant to Supreme Court Rule 402 (177 Ill. 2d R. 402), the respondent, J.T., admitted to a delinquency petition charging him with the offense of criminal damage to property. J.T. was adjudicated a delinquent minor, and he was sentenced to 18 months' probation. Thereafter, the State filed a petition to revoke J.T.'s probation. Following a hearing, the trial court revoked J.T.'s probation and committed him to the Department of Corrections, Juvenile Division.

J.T. appeals, raising the following issues: whether this case should be remanded to allow J.T. to withdraw his admission to criminal damage to property; whether the trial court erred when it sentenced J.T. to the Department of Corrections; and whether J.T.'s sentence must be modified.

During the pendency of this appeal, the State filed a motion to strike J.T.'s first issue on the basis that J.T. failed to file a notice of appeal from the trial court's order placing him on probation. We ordered the motion taken with this case. For reasons set forth below, we now deny the motion and remand this case to the circuit court.

Following sentencing in this case, the trial court admonished J.T. as follows.

> "So also you have 'the right to appeal. If within the next thirty days—this starts the thirty-day period of grace between us—if within the next thirty days you become unhappy about the fact that you made an admission to this charge or if you become unhappy with the penalty I have imposed on you, you have the right to appeal to a higher court, to the appellate court, the court that supervises me.
>
> If you want to go up to that court, there is a procedure you have to follow. You first have to file a petition before me asking me to allow you to withdraw your admission. You file a petition saying you want to take everything back.

If I agree with your petition, I will strike out this penalty. I will strike out the fact that you entered the plea of guilty. I will strike out the finding of guilty and you will have to start all over by going to trial before me. That's the second chance that the law provides; but if I disagree with your petition and say, no, everything was done well. This is what we are supposed to leave it that way. Then it will go up to the higher court and they will look at everything.

They will take this record this lady is typing up or transcribing and they will read everything that was said in the courtroom by the attorneys, by you, by me, to see whether or not your rights were violated in any way.

Do you understand that?

[J.T.]: Yes, your Honor.

THE COURT: All right. Very well. So—and they will look it over for you and also if you go up on appeal and you are unable to hire an attorney to represent you, the Court will appoint an attorney for you free of charge. That's your right to have an attorney if you can't afford one. Also, we will provide you with a free copy of the transcript. Do you under stand me, [J.T.]?

[J.T.]: Yes, your Honor.

THE COURT: All right. Appeal rights are given.

Any questions about your appeal rights?

[J.T.]: No."

■ Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) requires a defendant who wishes to appeal from a conviction following a guilty plea to first file in the circuit court a written motion to withdraw his guilty plea or to reconsider sentence. A necessary antecedent, however, is that the defendant be given the admonitions prescribed by Rule 605(b) (188 Ill. 2d R. 605(b)) to advise him of those requirements. *People v. Johnson*, 332 Ill. App. 3d 81, 83, 773 N.E.2d 155 (2002). Both Rule 604(a) and Rule 605(b) apply to juvenile proceedings. See *In re J.L.R.*, 301 Ill. App. 3d 498, 499, 703 N.E.2d 977 (1998).

■ A defendant may attack a judgment at any time when the trial court has failed to give the proper admonishments. *Johnson*, 332 Ill. App. 3d at 84. When a trial court fails to provide the proper Rule 605(b) admonishments and the defendant fails to follow Rule 604(d), the cause should be remanded to the trial court so that the defendant can be given the correct admonishments and allowed the opportunity to withdraw his guilty plea. *Johnson*, 332 Ill. App. 3d at 85.

■ The State maintains that Rule 605(c) (188 Ill. 2d R. 605(c)) applies to this case, since J.T. was sentenced pursuant to a negotiated plea. See *People v. Dunn*, 342 Ill. App. 3d 872, 880, 795 N.E.2d 799 (2003) (plea of guilty according to terms discussed at Rule 402 conference was a negotiated plea). While we agree with the State that Rule

605(c) rather than Rule 605(b) applies, this makes no difference in our analysis.

The giving of the admonishments in Rule 605(c), like those in Rule 605(b), is a necessary antecedent to a defendant's required adherence to Rule 604(d). Therefore, like Rule 605(b), it follows that Rule 605(c) applies to juvenile proceedings.

■ Rule 605(c) requires that the trial court advise a defendant who enters a plea of guilty substantially as follows:

"(1) that the defendant has the right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." 188 Ill. 2d R. 605(c).[1]

Trial courts are held to strict compliance with Rule 605(c) requirements. *Dunn*, 342 Ill. App. 3d at 881. Although the trial court is not required to use the exact language of the rule, the admonitions are insufficient where the trial court leaves out the substance of the rule. *Dunn*, 343 Ill. App. 3d at 881.

In *Dunn*, the trial court informed the defendant of his right to appeal, the need to file a written motion to withdraw his guilty plea within 30 days of sentencing, the waiver of any issues not raised in such motion and, if indigent, his right to a free transcript and to an attorney free of charge. This court found that the above admonish-

---

[1]The difference between Rule 605(b) and Rule 605(c) concerns a defendant's right to file a motion limited to reconsideration of the sentence imposed, a right not available to defendants who have entered into negotiated pleas.

ments substantially complied with Rule 605(c) even though the defendant was not advised that a court-appointed attorney would be available to assist the defendant with postplea motions. *Dunn*, 342 Ill. App. 3d at 882 (distinguishing *People v. Lloyd*, 338 Ill. App. 3d 379, 788 N.E.2d 1169 (2003), in which case the trial court failed to advise the defendant that an attorney could be appointed for him).

In the present case, in addition to failing to advise J.T. that he could have an attorney assist him in the preparations of postappeal motions, the trial court failed to advise J.T. that: he was required to set forth grounds for the withdrawal of his admission to the petition in the motion to withdraw, that he waived any grounds he did not raise in the motion and that the State could reinstate charges against him that were dismissed as part of the plea negotiations. Compare *Dunn*, 342 Ill. App. 3d at 882 (trial court advised the defendant that his motion to withdraw must set forth grounds for allowing the withdrawal of the guilty plea).

Our recent decision in *People v. Crump*, 344 Ill. App. 3d 558, 801 N.E.2d 1 (2003), is distinguishable from the present case. In *Crump*, this court rejected the defendant's argument that the trial court had not substantially complied with Rule 605(c) when it failed to advise him that any allegation not raised in a motion to withdraw his plea of guilty was waived and that any previously dismissed charges could be reinstated if his motion to withdraw was successful.

■ However, in the present case, the trial court failed to advise J.T. that he had to state the grounds for withdrawing his admission to the petition in the motion to withdraw. Had J.T. followed the trial court's admonishments, his motion to withdraw would have been subject to dismissal and would have precluded the consideration of any issue on appeal. This is especially true in this case where J.T. was not advised that he could have the assistance of counsel in preparing his postplea motions.

We conclude from our review of the record that the admonishments given by the trial court in this case did not substantially comply with the required admonitions of Rule 605(c).

Inasmuch as J.T. has never filed a motion to withdraw his admission to the petition, we will not retain jurisdiction over this case. See *Johnson*, 332 Ill. App. 3d at 86.

Accordingly, we remand this case to the circuit court for J.T. to be admonished in accordance with Rule 605(c) in order that he may have an opportunity to file a motion to withdraw his admission to the petition under Rule 604(d). The circuit court shall appoint counsel to assist J.T. if the court finds that he is indigent. See *Johnson*, 332 Ill. App. 3d at 86.

Following the procedure set forth in *Johnson*, if the circuit court grants J.T.'s postplea motion and vacates his original sentence of probation, the court should then vacate J.T.'s commitment to the Department of Corrections that resulted from the violation of his probation.[2] If the circuit court denies J.T.'s postplea motion so as to reconfirm the original sentence of probation, the sentence imposed for his probation violation shall stand. J.T. may then appeal the denial of his new postplea motion, should he choose to do so, and the issues relating to his probation revocation raised in this appeal.

The State's motion to strike is denied and the cause is remanded with directions.

Remanded with directions.

HOFFMAN, P.J., and SOUTH, J., concur.

---

[2]According to appellate counsel's representation in the reply brief, J.T. was then on parole from the Department of Corrections.