*In re* B.L.S., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. B.L.S., Respondent-Appellant).

Third District    No. 3—00—0677

Opinion filed September 21, 2001.

Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for appellant.

Terence M. Patton, State's Attorney, of Cambridge (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HOMER delivered the opinion of the court:

In this appeal, B.L.S. claims: (1) he should not have been committed to the Department of Corrections (DOC) without the judge considering a social investigation report, and (2) he should receive credit against his commitment for the time he spent in predisposition detention. We order the credit and otherwise affirm.

## BACKGROUND

B.L.S., a minor, committed an aggravated battery and was held in predisposition detention before being adjudicated an habitual juvenile offender under section 5—815(f) of the Juvenile Court Act of 1987 (the Act) (705 ILCS 405/5—815(f) (West 2000)). After the adjudication, he was committed to the Department of Corrections, Juvenile Division (DOC), until his twenty-first birthday, as section 5—815(f) requires. Section 5—705(1) of the Act calls for preparation of a social investigation report before a minor is committed to the DOC. 705 ILCS 405/5—705(1) (West 2000). However, the judge did not order such a report before sentencing B.L.S. to the commitment required in section 5—815(f).

## ANALYSIS

### I. Commitment Under Section 5—815(f) Without A Social Investigation Report

Respondent contends that the trial court's failure to order a social investigation report prior to committing him to the DOC requires that the commitment order be vacated and entitles him to a new dispositional hearing. We disagree.

■ Section 5—705(1) of the Act, which pertains to juvenile offenders in general, provides:

"No order of commitment to the Department of Corrections, Juvenile Division, shall be entered against a minor before a written report of social investigation, which has been completed within the previous 60 days, is presented to and considered by the court." 705 ILCS 405/5—705(1) (West 2000).

■ Section 5—815(f) of the Act, a special provision pertaining solely to habitual offenders, provides:

"If the court finds that the prerequisites established in subsec-

tion (a) of this Section have been proven, it shall adjudicate the minor an Habitual Juvenile Offender and commit him to the Department of Corrections, Juvenile Division, until his twenty-first birthday, without possibility of parole, furlough, or non-emergency authorized absence." 705 ILCS 405/5—815(f) (West 2000).

Respondent bases his claim on the mandatory language of section 5—705(1) requiring the court to consider a social investigation report before committing a minor to the DOC. However, our review of the relevant provisions of the Act leads us to conclude that section 5—705(1) does not apply in this case. Section 5—705(1) is part of a comprehensive statutory scheme specifying, *inter alia*, the circumstances under which a trial judge shall determine whether to make the minor a ward of the court. If the minor is made a ward of the court, section 5—705(1) directs the judge to determine the disposition best suited to the interests of the minor and the public. The statute further provides that the judge may rely on "[a]ll evidence helpful in determining these questions, including oral and written reports." 705 ILCS 405/5—705(1) (West 2000). The social investigation report is one such written report.

Accordingly, the report is generally necessary to guide a court in determining (1) whether to make the minor a ward of the court, and (2) an appropriate disposition for the minor if he is adjudged a ward of the court. In the instant case, however, the court never faced these determinations because B.L.S.'s habitual juvenile offender status invoked section 5—815(f), which automatically required a disposition of commitment to the DOC. The mandatory nature of the disposition naturally also required that B.L.S. be made a ward of the court. See *In re S.P.*, 297 Ill. App. 3d 234, 696 N.E.2d 739 (1998) (noting that a disposition cannot be made without an underlying adjudication of wardship). Because B.L.S. had been adjudicated an habitual juvenile offender, the court was required to commit him to the DOC until his twenty-first birthday. Thus, any construction of the statute that would require the court to consider a social investigation report prior to disposition would render such consideration meaningless.

Respondent contests this conclusion in his brief by asserting:

"Even where a minor has been initially found in an adjudicatory hearing to be an habitual offender, the trial judge who conducts the dispositional hearing is required to determine whether the best interests of the minor and the public require that he be made a ward of the court."

This assertion flatly contravenes the language in section 5—815(f) requiring commitment of habitual juvenile offenders to the DOC. B.L.S. cites *In re S.P.* to support his position. However, a close reading

of that case shows that the language he quotes[1] does not pertain to proceedings conducted under the habitual offender provisions of the Act. Rather, the quoted language pertains to proceedings conducted in the cases that preceded the offense invoking section 5—815(f). Accordingly, B.L.S.'s above-quoted assertion is unfounded.

In sum, we hold that the requirement of a social investigation report in section 5—705(1) applies only in juvenile proceedings where the judge has dispositional discretion. When a minor is adjudicated an habitual offender under section 5—815(f), a social investigation report is not required.

## II. Credit Against Commitment for Time Spent in Predisposition Detention

■ Following the trial court's adjudication of respondent as an habitual juvenile offender, he was made a ward of the court and committed to the DOC until his twenty-first birthday. The parties agree that respondent is entitled to day-for-day good-time credit pursuant to section 5—815(f) of the Act. 705 ILCS 405/5—815(f) (West 2000). The parties disagree, however, as to whether respondent is entitled to credit for his predispositional confinement.

The record shows that B.L.S. was held in a detention home before being committed as an habitual juvenile offender. The trial court did not award any credit for the period of predispositional confinement. Respondent argues that the commitment order should be modified to allow credit for the time he spent in custody prior to his dispositional hearing. The State disagrees, arguing that any right to presentence credit is statutory and that unlike provisions in the Unified Code of Corrections (730 ILCS 5/1—1—1 *et seq.* (West 2000)), no such right has been provided by the Act. We agree with respondent on this issue. It is true, as the State maintains, that the Act does not expressly provide for a credit against commitment for the time a minor spends in predisposition detention. However, the Act does provide that "minors shall have all the procedural rights of adults in criminal proceedings, unless specifically precluded by laws that enhance the protection of such minors." 705 ILCS 405/5—101(3) (West 2000). Adults receive presentence custody credit against determinate sentences (730 ILCS 5/5—8—7(b) (West 2000)), and nothing in the Act specifically precludes minors from receiving similar credit against the determinate commitment mandated in section 5—815(f).

---

[1] "[I]f the trial court decides that an adjudication of wardship is not in the best interests of the minor and the public, it may dismiss the petition and discharge the minor—even after a finding of delinquency." *In re S.P.*, 297 Ill. App. 3d at 237, 696 N.E.2d at 741.

The Act also provides that "[i]n no event shall a guilty minor be committed to the Department of Corrections, Juvenile Division for a period of time in excess of that period for which an adult could be committed for the same act." 705 ILCS 405/5—710(7) (West 2000). In our view, denying minors credit for predisposition detention contravenes the spirit, if not the letter, of this provision. We also note that minors are clearly entitled to such credit when their dispositions involve a "sentencing order of detention." 705 ILCS 405/5—710(1)(a)(v) (West 2000).

These considerations led the Appellate Court, Fourth District, to conclude that a minor is entitled to credit for predisposition custody against an indeterminate commitment to the DOC. *In re E.C.*, 297 Ill. App. 3d 177, 696 N.E.2d 846 (1998). The Appellate Court, Second District, reached the opposite conclusion in *In re J.J.M.*, 299 Ill. App. 3d 327, 701 N.E.2d 1170 (1998). The holding in *J.J.M.* was based on the differences between juvenile proceedings for minors and criminal proceedings for adults. However, subsequent amendments to the Act have brought juvenile proceedings more in line with criminal proceedings.

For instance, the court in *J.J.M.* stated: "While the purposes of the Juvenile Court Act are protective and rehabilitative, by contrast, the purpose and policy of the Unified Code [of Corrections] are designed to be punitive as well as rehabilitative." *J.J.M.*, 299 Ill. App. 3d at 331-32, 701 N.E.2d at 1173. Yet our supreme court recently stated that subsequent amendments to the Act "represent[ ] a fundamental shift from the singular goal of rehabilitation to include the overriding concerns of protecting the public and holding juvenile offenders accountable for violations of the law." *In re A.G.*, 195 Ill. 2d 313, 317, 746 N.E.2d 732, 735 (2001).

Additionally, the court in *J.J.M.* noted that juveniles receive only indeterminate commitments to the DOC with "continuous opportunity to seek early release." *J.J.M.*, 299 Ill. App. 3d at 331, 701 N.E.2d at 1173. That observation does not apply to minors like B.L.S. who are adjudicated habitual juvenile offenders. This factor provides additional reason to grant minors who are committed under section 5—815(f) the presentence custody credit that adults receive.

We decline to follow *J.J.M.* for these reasons. We agree with the holding in *E.C.* and conclude that its reasoning applies equally to determinate dispositions under section 5—815(f).

The record does not reflect how much time B.L.S. spent in predisposition detention. We thus remand with directions for the circuit court to determine the appropriate credit.

## CONCLUSION

The judgment of the Henry County circuit court adjudicating B.L.S. an habitual juvenile offender and committing him to the DOC is affirmed. The cause is remanded for calculation of his predisposition detention credit.

Affirmed and remanded with directions.

HOLDRIDGE and SLATER, JJ., concur.