*In re* JERMAINE J., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Jermaine J., Respondent-Appellant).

Third District   No. 3—01—0570

Opinion filed February 7, 2003.

Sherry R. Silvern, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Deidre Donnellan, of Plainfield, for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The minor, Jermaine J., was adjudged to be delinquent under the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1—1 *et seq.* (West 1998)) for having committed the offense of unlawful possession of a stolen motor vehicle (625 ILCS 5/4—103(a)(1) (West 1998)). He admitted committing the offense. In a dispositional order, he was committed to the Department of Corrections (DOC) for an indeterminate period not to exceed seven years. His motion to reconsider his commitment was denied. In his first appeal to this court, we reversed and remanded for his attorney to file a Rule 604(d) certificate (188 Ill. 2d R. 604(d)). *In re J.J.*, No. 3—99—0021 (2000) (unpublished order under Supreme Court Rule 23). The facts that led to his commitment were discussed in his first appeal. Only those facts necessary for an understanding of the issues in this appeal will be discussed here.

On remand, the minor's attorney filed a Rule 604(d) certificate and the minor filed a "Motion To Withdraw Guilty Plea And For Reconsideration Of Sentence." His motion was denied. On appeal, the minor argues that (1) on remand, the trial court abused its discretion by failing to order and consider an updated social investigation report

prior to ruling on his motion to withdraw and reconsider; and (2) he is entitled to credit for the time he spent in custody prior to the date of the dispositional order. We affirm the denial of his motion to withdraw and reconsider. We rule that he is entitled to credit for his time spent in custody prior to the date of the dispositional order. We remand for the trial court to calculate the number of days' credit to which the minor is entitled.

## ANALYSIS

### I. Social Investigation Report

The minor contends that the trial court abused its discretion by failing to order and consider an updated social investigation report prior to ruling on his motion to withdraw and reconsider. According to this court's research, the issue raised by the minor is one of first impression in Illinois.

■ We review the denial of a motion to withdraw and reconsider in a juvenile case for abuse of discretion. *In re E.V.*, 298 Ill. App. 3d 951, 700 N.E.2d 175 (1998). A written social investigation report shall be considered by the trial court prior to the issuance of an order of commitment. The report shall be completed within 60 days prior to the commitment order being issued. 705 ILCS 405/5—705(1) (West 2000).

The minor's argument that he was entitled to a new social investigation report is based on the differences between civil juvenile delinquency proceedings and adult criminal proceedings. He contends that the trial court should have generated a new report prior to ruling on his motion to withdraw and reconsider because of the underlying philosophy in juvenile proceedings. Among other cases, he cites *In re A.G.*, 195 Ill. 2d 313, 746 N.E.2d 732 (2001), to articulate that philosophy as a spirit of humane concern for, and the promotion of the welfare of, the minor.

The minor submits that the Act's philosophy is further evidenced by its provisions for (1) a continuance during the commitment hearing to receive reports or other evidence (705 ILCS 405/5—705(3) (West 2000)); and (2) periodic evaluations after the minor has been committed (705 ILCS 405/5—745 (West 2000)).

■■ A basic rule of statutory construction, however, states that courts are to declare and enforce the law as enacted by the legislature. Courts are not to annex new provisions or substitute different ones, or read into a statute exceptions, limitations, or conditions which depart from its plain meaning. *Lauer v. American Family Life Insurance Co.*, 199 Ill. 2d 384, 769 N.E.2d 924 (2002). The purpose of a motion to reconsider the sentence is not to conduct a new sentencing hearing but, rather, to review the appropriateness of the sentence imposed and

correct any errors. *People v. Vernon*, 285 Ill. App. 3d 302, 674 N.E.2d 153 (1996).

■ In this case, we will not annex a new provision into section 5—705(1) of the Act regarding the social investigation report. The plain language of the Act only calls for the preparation and consideration of a written social investigation report before a commitment hearing. A motion to reconsider is not a new commitment hearing requiring a new social investigation report. See *Vernon*, 285 Ill. App. 3d 302, 674 N.E.2d 153. Therefore, the trial judge did not abuse his discretion because he failed to order and consider a new report prior to denying the minor's motion to withdraw and reconsider.

## II. Credit for Time Served in Predisposition Custody

■ The minor contends that he is entitled to credit against his indeterminate term of commitment for the time he was in custody prior to the trial court issuing its dispositional order.

Jermaine J. committed the instant offense on June 27, 1998. At the time of the offense, he was under the guardianship of the Department of Children and Family Services in "The Children's Home Association of Illinois" (Children's Home) in Peoria. The minor was served with a copy of the juvenile petition and a summons for this case at the Children's Home on July 22, 1998. He was discharged from the Children's Home on August 12, 1998. The court issued its dispositional order committing the minor to the DOC on September 25, 1998. The record does not indicate the minor's location between his discharge from the Children's Home and the issuance of the dispositional order.

In *In re B.L.S.*, 325 Ill. App. 3d 96, 757 N.E.2d 637 (2001), *appeal allowed*, 198 Ill. 2d 591, 766 N.E.2d 239 (2002), we ruled that where the court imposes a determinate period of commitment on a minor, the minor is entitled to credit for time served in predisposition custody. In *B.L.S.*, we stated that we agreed with the holding of the Appellate Court, Fourth District, in *In re E.C.*, 297 Ill. App. 3d 177, 696 N.E.2d 846 (1998). In *E.C.*, the court held that a minor is entitled to credit for time spent in predisposition custody against an indeterminate term of commitment. Recently, the Fourth District reaffirmed its holding from *E.C.* in *In re Jesus R.*, 326 Ill. App. 3d 1070, 762 N.E.2d 717 (2002).

The State argues that *B.L.S.* is distinguishable from the instant case because it concerned a determinate rather than an indeterminate term of commitment. The State urges us to follow the Second District's holding in *In re J.J.M.*, 299 Ill. App. 3d 327, 701 N.E.2d 1170 (1998). The *J.J.M.* court ruled that a minor is not entitled to credit for time in predisposition custody against an indeterminate term of commitment.

We see no reason to distinguish the holding of *B.L.S.* from the present case because of the difference between determinate and indeterminate terms of commitment. In *B.L.S.*, we agreed with the holding of *E.C.* in which the minor's term of commitment was indeterminate. We also rejected the holding of *J.J.M.* because of, *inter alia*, amendments to the Act subsequent to *J.J.M.* Therefore, we rule that under *B.L.S.*, *E.C.*, and *Jesus R.*, the minor in this case is entitled to credit for the time he spent in predisposition custody against his indeterminate term of commitment.

It is unclear from the record how many days the minor spent in predisposition custody for the instant offense. We remand the matter to the circuit court for a determination of the number of days' credit to which the minor is entitled against his term of commitment.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the Peoria County circuit court denying the minor's motion to withdraw and reconsider. The minor is entitled to credit for his time spent in custody for this case prior to the date of the dispositional order. We remand the matter to the circuit court to calculate the number of days' credit to which the minor is entitled.

Affirmed in part and remanded with directions.

McDADE, P.J., and SLATER, J., concur.