# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *In re Gennell C.*, 2012 IL App (4th) 110021

---

| | |
|---|---|
| Appellate Court Caption | In re: GENNELL C., a Minor, THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. GENNELL C., Respondent-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-11-0021 |
| Filed | May 3, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where the trial court accepted respondent's admission to theft over $300 and dismissed other charges before adjudicating her a delinquent minor and sentencing her to an indeterminate term in the Department of Juvenile Justice that would terminate in five years or on her twenty-first birthday, whichever came first, the trial court's denial of her motion to reconsider her sentence and impose a community-based sentence was affirmed, since respondent never asked for a review of her commitment based on new evidence and a request for a change in custody under section 5-745(3) of the Juvenile Court Act is not implicit in a request to reconsider a sentence. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 10-JD-196; the Hon. Harry E. Clem, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and Catherine K. Hart, all of State Appellate Defender's Office, of Springfield, for appellant.

Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, Robert J. Biderman, and Aimee Sipes Johnson, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

PRESIDING JUSTICE TURNER delivered the judgment of the court, with opinion.

Justices Pope and Knecht concurred in the judgment and opinion.

## OPINION

¶ 1    In September 2010, the State filed a petition for adjudication of wardship, alleging respondent, Gennell C. (born in March 1996), was a delinquent minor because she committed residential burglary (720 ILCS 5/19-3(a) (West 2008)). That same month, the State filed a supplemental petition, asserting respondent committed theft over $300 (720 ILCS 5/16-1(a)(1)(A), (b)(4) (West Supp. 2009)). In September 2010, pursuant to a plea agreement, respondent admitted committing theft over $300, and the court dismissed the residential-burglary count and petitions against respondent in other cases. The trial court accepted respondent's admission and adjudicated respondent a delinquent minor. After an October 2010 dispositional hearing, the court made respondent a ward of the court and sentenced her to an indeterminate term in the Department of Juvenile Justice (DOJJ) that would automatically terminate in five years or upon respondent's twenty-first birthday, whichever came first. Respondent filed a motion to reconsider her sentence, which the court denied.

¶ 2    Respondent appeals, claiming the trial court erred by denying her motion to reconsider her sentence. We affirm.

¶ 3                              I. BACKGROUND

¶ 4    The State's September 2010 adjudication petition and supplemental petition in this case were based on respondent's actions on August 23, 2010. At the time of the adjudication petition's filing, respondent had another petition for adjudication of wardship pending. *In re Gennell C.*, No. 10-JD-187 (Cir. Ct. Champaign Co.). The State later filed two petitions for indirect criminal contempt of court against respondent based on her failure to abide by the conditions of her release from custody (Nos. 10-MR-659, 10-MR-727).

¶ 5    On September 24, 2010, pursuant to a plea agreement, respondent admitted committing

theft over $300, and the State moved to dismiss the other wardship petition, the indirect-criminal-contempt petition in case No. 10-MR-659 and agreed not to file charges based on Rantoul police report No. 10-6134. The trial court accepted respondent's admission and adjudicated her a delinquent minor.

¶ 6 At the October 27, 2010, dispositional hearing, the trial court made respondent a ward of the court, committed her to DOJJ for an indeterminate term not to exceed five years or her twenty-first birthday, and appointed DOJJ's Director as respondent's legal custodian. The court set the review of the commitment order for March 23, 2011, and required DOJJ to file a written report of its examination of respondent by March 10, 2011. At the State's request, the court also dismissed the last pending contempt petition in case No. 10-MR-727.

¶ 7 On November 18, 2010, respondent filed a motion to reconsider her sentence, asserting (1) her sentence was excessive; (2) the trial court erred by considering she had been charged with a more serious offense; (3) the court erred by considering her prior police contacts; (4) her sentence did not keep with her criminal history, family situation, and economic status for many enumerated reasons; and (5) her sentence did not keep with the alternatives available to the court to assist respondent with her rehabilitation. The prayer for relief requested the court "reconsider the Respondent Minor's sentence and enter a community-based sentence." The motion only addressed matters before the court at sentencing and did not present any new evidence.

¶ 8 On December 21, 2010, the trial court held a hearing on respondent's motion to reconsider her sentence. Respondent's counsel began her argument by stating the following: "And in support of our motion we're asking that the Court reconsider its sentence and sentence [respondent] to a community-based sentence." Counsel noted respondent had no prior adjudications, her offense was nonviolent, respondent showed a desire to work with the Champaign County Mental Health Center, and respondent's mental-health and substance-abuse issues could be best addressed in the community. Counsel again asked the court to reconsider respondent's sentence and sentence her to a community-based sentence. Respondent's counsel then stated the following: "Additionally, your Honor, [respondent] did bring documents from the [DOJJ] which show that she has gotten off to a good start, and she did want the Court to see them ***." The State responded the documents submitted that day were positive but should be considered at the March hearing when respondent's commitment would be reviewed. The court denied the motion to reconsider and remanded respondent to DOJJ to continue serving the sentence previously imposed.

¶ 9 On January 5, 2011, respondent filed a timely notice of appeal from the trial court's dispositional order and denial of respondent's motion to reconsider in compliance with Illinois Supreme Court Rule 606 (eff. Mar. 20, 2009). See Ill. S. Ct. R. 660(a) (eff. Oct. 1, 2001) (providing the rules applicable to criminal cases govern appeals from final judgments in delinquent-minor proceedings, unless specifically provided otherwise). Since the dispositional order in a juvenile delinquency proceeding is a final order (*In re Justin L.V.*, 377 Ill. App. 3d 1073, 1079, 882 N.E.2d 621, 626 (2007)), we have jurisdiction over this appeal under Illinois Supreme Court Rule 660(a) (eff. Oct. 1, 2001).

¶ 10                                II. ANALYSIS

¶ 11        While respondent labels her argument as one challenging the trial court's denial of her motion to reconsider her sentence, she actually asserts the court erred by denying her request for a change in her sentence under section 5-745(3) of the Juvenile Court Act of 1987 (Juvenile Act) (705 ILCS 405/5-745(3) (West 2010)). The parties assert the proper standard of review is the abuse-of-discretion standard since respondent is appealing the denial of her motion to reconsider. See *In re Jermaine J.*, 336 Ill. App. 3d 900, 902, 784 N.E.2d 428, 429 (2003). The abuse-of-discretion standard also applies to a trial court's selection of a disposition. See *In re Seth S.*, 396 Ill. App. 3d 260, 275, 917 N.E.2d 1182, 1194 (2009). Thus, if the court actually considered a request for a change in custody, the abuse-of-discretion standard would apply to its decision on the request. "A trial court abuses its discretion only where its ruling is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the trial court." *In re A.W.*, 397 Ill. App. 3d 868, 873, 921 N.E.2d 1275, 1279 (2010). To the extent respondent's argument on appeal raises a question of law, our review is *de novo*. See *In re Samantha V.*, 234 Ill. 2d 359, 369, 917 N.E.2d 487, 494 (2009).

¶ 12        Section 5-745(3) of the Juvenile Act (705 ILCS 405/5-745(3) (West 2010)) provides, in pertinent part, as follows:

> "The minor or any person interested in the minor may *apply* to the court for a change in custody of the minor and the appointment of a new custodian or guardian of the person or for the restoration of the minor to the custody of his or her parents or former guardian or custodian. *** No legal custodian or guardian of the person may be removed without his or her consent until given notice and an opportunity to be heard by the court." (Emphasis added.)

¶ 13        As respondent notes, this court has addressed section 5-745(3) of the Juvenile Act in the context of a review hearing. See *Justin L.V.*, 377 Ill. App. 3d at 1081, 882 N.E.2d at 628. In that case, we noted the following:

> "[S]ection 5-745(3) contains no requirement as to the form or substance of the application for a change in custody, nor does the section indicate what standard the trial court should apply in deciding whether to grant such an application. When a court appoints [DOJJ] the guardian of the minor following delinquency proceedings, as the trial court did here, section 5-745(3), therefore, contemplates that the minor or any interested person may *move* the court to return guardianship to his parents and, necessarily, vacate [DOJJ's] guardianship of the minor." (Emphasis added.) *Justin L.V.*, 377 Ill. App. 3d at 1081, 882 N.E.2d at 628.

¶ 14        Here, the record contains no evidence respondent expressly moved or applied for a change in custody in the trial court under section 5-745(3) of the Juvenile Act. In her November 2010 postsentencing motion, respondent asked the trial court to reconsider her sentence and give her a community-based sentence. In her motion, respondent only alleged errors the court made in sentencing her to DOJJ and did not present any new evidence. At the December 2010 hearing on the postsentencing motion, respondent's counsel again indicated respondent was asking the court to reconsider its sentence and sentence her to a

community-based sentence. Counsel also again raised errors in sentencing respondent to DOJJ. After asking for reconsideration, counsel simply noted respondent wanted to make the court aware of the DOJJ documents, which showed she had gotten off to a good start. The prosecutor noted the documents were more appropriate for the March 2011 review hearing. The court denied the motion to reconsider, noting, *inter alia*, DOJJ had sent a "preliminary report" indicating respondent was receiving the services she needed and cooperating with the efforts of those trying to help her. The court noted it expected to see further positive information in March 2011 and looked forward to returning her to the community at that time. Accordingly, the record shows respondent was arguing the court (1) erred by sentencing her to DOJJ and (2) should have originally sentenced her to a community-based sentence, not the court should conduct a review of its DOJJ commitment based on new evidence as respondent now suggests.

¶ 15    Respondent also appears to argue the request for a change in custody is inherent in a motion to reconsider the sentence under the Juvenile Act. Even in a delinquency case, "[t]he purpose of a motion to reconsider the sentence is not to conduct a new sentencing hearing but, rather, to review the appropriateness of the sentence imposed and correct any errors." *Jermaine J.*, 336 Ill. App. 3d at 902-03, 784 N.E.2d at 430. Moreover, the language of section 5-745(3) of the Juvenile Act (705 ILCS 405/5-745(3) (West 2010)) makes it clear (1) the person seeking the change in custody must actively seek it by using the term "apply" and (2) the party that has custody of the minor must have the opportunity to be heard. See also *Justin L.V.*, 377 Ill. App. 3d at 1081, 882 N.E.2d at 628 (where the reviewing court highlighted the fact the respondent's counsel made an oral motion to vacate the guardianship). In *Jermaine J.*, 336 Ill. App. 3d at 903, 784 N.E.2d at 430, the Third District rejected a juvenile respondent's argument the trial court erred by failing to order and consider an updated social investigation report prior to ruling on his motion to withdraw and reconsider because of the underlying philosophy in juvenile proceedings. The court found a motion to reconsider was not a new commitment hearing that required a new social investigation report. *Jermaine J.*, 336 Ill. App. 3d at 903, 784 N.E.2d at 430. In support of his argument, the respondent had noted section 5-745 provided for periodic evaluations after the minor's commitment. *Jermaine J.*, 336 Ill. App. 3d at 902, 784 N.E.2d at 430. Thus, we disagree with respondent a motion to reconsider a sentence in a delinquency proceedings includes a request for a change in custody under section 5-745(3) of the Juvenile Act.

¶ 16    Since respondent did not request a change in custody under section 5-745(3) and a request for a change in custody is not implicit in a request to reconsider the sentence, the trial court did not err by refusing to reevaluate respondent's DOJJ commitment.

¶ 17                                III. CONCLUSION

¶ 18    For the reasons stated, we affirm the Champaign County circuit court's judgment.

¶ 19    Affirmed.