NO. 4-07-0491     Filed 3/11/08

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| In re: ALFRED H.H., a Person Found | ) | Appeal from |
| Subject to Involuntary Admission, | ) | Circuit Court of |
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Sangamon County |
| Petitioner-Appellee, | ) | No. 07MH305 |
| v. | ) | |
| ALFRED H.H., | ) | |
| Respondent-Appellant. | ) | Honorable |
| | ) | George H. Ray, |
| | ) | Judge Presiding. |

_____

JUSTICE STEIGMANN delivered the opinion of the court:

Following a May 2007 hearing, the trial court found respondent, Alfred H.H., subject to involuntary admission at a mental-health facility (405 ILCS 5/1-119 (West 2006)).

Respondent appeals, arguing that the following findings by the trial court were against the manifest weight of the evidence:  (1) his involuntary admission was warranted, and (2) his hospitalization was the least-restrictive treatment alternative.  We dismiss the appeal as moot.

I. BACKGROUND

In early May 2007, respondent was involuntarily admitted to McFarland Mental Health Center.  Following a hearing on the involuntary-admission petition, which was held later in May 2007, the trial court found respondent subject to involuntary admission at McFarland for a period not to exceed 90 days.

This appeal followed.

## II. MOOTNESS

### A. The Mootness Doctrine in General

This appeal is moot. The underlying judgment, entered by the trial court on May 11, 2007, was limited to 90 days, which have passed.

An issue raised in an otherwise moot appeal may be addressed when (1) the immediacy or magnitude of the interests involved in the case warrants the reviewing court's action or (2) "'the issue is "'likely to recur but unlikely to last long enough to allow appellate review to take place because of the intrinsically short-lived nature of the controversies.'"' [Citations.]" Felzak v. Hruby, 226 Ill. 2d 382, 392, 876 N.E.2d 650, 657 (2007).

The first exception to the mootness doctrine, known as the public-interest exception, applies only if a clear showing exists that (1) the question at issue is of "a substantial public nature," (2) an authoritative determination is needed to guide public officers in the performance of their duties, and (3) the circumstances are likely to recur in other cases. Felzak, 226 Ill. 2d at 393, 876 N.E.2d at 658; In re J.T., 221 Ill. 2d 338, 350, 851 N.E.2d 1, 8 (2006). The public-interest exception must be "narrowly construed and requires a clear showing of each

criterion." Felzak, 226 Ill. 2d at 393, 876 N.E.2d at 658.

The second exception to the mootness doctrine (the capable-of-repetition exception) applies only if (1) the challenged action is of such short duration that it cannot be fully litigated prior to its cessation and (2) a reasonable expectation exists that the same complaining party would be subject to the same action again. Like the public-interest exception, the capable-of-repetition exception must be narrowly construed and requires a clear showing of each criterion. J.T., 221 Ill. 2d at 350, 851 N.E.2d at 8.

Our supreme court has held that "[i]t is a basic tenet of justiciability that reviewing courts will not decide moot or abstract questions or render advisory opinions." J.T., 221 Ill. 2d at 349, 851 N.E.2d at 7. In In re Barbara H., 183 Ill. 2d 482, 492, 702 N.E.2d 555, 559-60 (1998), our supreme court explicitly declined to consider whether an exception to the mootness doctrine automatically exists in mental-health cases and, instead, concluded that the case fell into an established exception to the mootness doctrine. More recently, in a mental-health case, our supreme court determined whether the case was moot by analyzing it under established exceptions to the mootness doctrine, not based simply on the fact that it was a mental-health case. In re Robert S., 213 Ill. 2d 30, 45-46, 820 N.E.2d 424, 433-34 (2004). In addition, in the supreme court's latest

word on the mootness doctrine, the court determined whether the case before it was moot by looking to the traditional exceptions to the mootness doctrine, again without looking merely to the specific type of case before it. <u>Felzak</u>, 226 Ill. 2d at 392, 876 N.E.2d at 657.

For the last several years, this court has rather routinely recognized an exception to the mootness doctrine in cases involving involuntary mental-health admission and involuntary mental-health treatment. However, given the supreme court's clear, consistent, and recent adherence to the established exceptions to the mootness doctrine without regard to the type of cases before it, we conclude that Supreme Court of Illinois doctrine requires us to determine whether an otherwise moot appeal comes within an established exception to the mootness doctrine. For the following reasons, we conclude that this appeal does not.

B. Exception to the Mootness Doctrine As Applied in This Case

1. The <u>Public-Interest</u> <u>Exception</u>

In this case, respondent challenges only (1) the sufficiency of the evidence presented to warrant his involuntary admission and (2) whether his hospitalization was the least-restrictive treatment alternative. The answer to either challenge in this particular case does not constitute a question of public importance. Nor would either answer provide an authorita-

tive determination to guide public officers in the performance of their duties in mental-health cases. That is because orders involving involuntary admissions of other respondents undoubtedly will be entered and challenged based on the particular facts presented in such cases. In other words, resolving routine sufficiency-of-the-evidence arguments will rarely have precedential value. Accordingly, we conclude that respondent has failed to clearly establish the criteria necessary to satisfy the public-interest exception to the mootness doctrine.

## 2. The Capable-of-Repetition Exception

As earlier stated, the challenged involuntary admission order in this case, entered by the trial court on May 11, 2007, was limited to 90 days. Because this challenged order was of such short duration, it could not have been fully litigated prior to its cessation. Thus, the first criterion of the capable-of-repetition exception has been established. However, respondent has failed to clearly establish the second criterion--namely, that a reasonable expectation exists that respondent will be subject to the same action again.

Although respondent has a history of mental illness and his psychiatrist had previously treated him on several occasions during hospitalizations, nothing in the record shows that his prior hospitalizations were as a result of petitions for involuntary admission. More importantly, even if another

petition for involuntary admission were filed as to respondent, he would not be subject to the exact same action. Instead, any future involuntary-admission petition would involve the same party but a different action under different circumstances. In particular, the evidence presented in support of a future petition would be different than the evidence presented in support of the petition in this case. Accordingly, we conclude that respondent has failed to clearly establish the second criterion necessary to satisfy the capable-of-repetition exception to the mootness doctrine.

In so concluding, we recognize that this court previously has addressed issues raised in mental-health cases based on "collateral legal consequences" that survive the expiration of the order under review. See In re Meek, 131 Ill. App. 3d 742, 744, 476 N.E.2d 65, 67 (1985) (in which this court noted that "an adjudication could return to plague a respondent in some future proceedings and could affect other aspects of the respondent's life"). We now believe that the collateral-legal-consequences exception to the mootness doctrine has no place in determining whether an issue is moot in a mental-health case. Regardless of whether a previous involuntary-admission order as to a particular respondent is upheld or reversed on appeal, that respondent's history of mental illness and involuntary treatment will continue to exist, and will be a factor that treating

medical personnel may consider.  It is that history that will possibly follow the respondent, not the fact of an adjudication. Accordingly, we hold that we will no longer adhere to that portion of Meek or other cases in which this court utilized the collateral-legal-consequences exception to the mootness doctrine in mental-health cases.

In so holding, we note that our supreme court has addressed collateral legal consequences as an exception to the mootness doctrine only in the context of criminal proceedings. See People v. Jones, 215 Ill. 2d 261, 267, 830 N.E.2d 541, 547-48 (2005) (noting that "the probability that a criminal defendant may suffer collateral legal consequences from a sentence already served precludes a finding of mootness"); People v. Jordan, 218 Ill. 2d 255, 264, 843 N.E.2d 870, 876 (2006) (holding that "a [criminal] defendant subject to an order of supervision may suffer collateral legal consequences as a result of that disposition"; thus, the court concluded that the appeal before it was not moot).

Because neither the public-interest exception nor the capable-of-repetition exception to the mootness doctrine are present in this case, we dismiss this appeal as moot.

### III.  CONCLUSION

For the reasons stated, we dismiss this appeal as moot.

Appeal dismissed.

MYERSCOUGH and COOK, JJ., concur.