NO. 4-09-0360          Filed 3/26/10

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| In re: RAKIM V., a Minor, | ) | Appeal from |
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Champaign County |
| v. | ) | No. 08JD151 |
| RAKIM V., | ) | |
| Respondent-Appellant. | ) | Honorable |
| | ) | Heidi Ladd, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE MYERSCOUGH delivered the opinion of the court:

In February 2009, respondent, Rakim V. (born July 8, 1992), pleaded guilty to one count of aggravated battery (720 ILCS 5/12-4(b)(3) (West 2008)), and the trial court adjudicated respondent delinquent. In April 2009, the court sentenced him to an indeterminate sentence in the Illinois Department of Juvenile Justice (DOJJ) not to exceed five years or the minor's twenty-first birthday, whichever came first. The court also awarded respondent 51 days' sentence credit for time spent in custody.

Respondent appeals, arguing he is entitled to six additional days' sentence credit. We affirm as modified and remand with directions.

I. BACKGROUND

On August 28, 2008, the State filed a petition for adjudication of wardship, alleging that on March 20, 2008, respondent, then 15 years old, committed the offense of resisting a peace officer, a Class A misdemeanor (720 ILCS 5/31-1(a) (West

2006)) (count I).

On October 15, 2008, the State filed a supplemental wardship petition, alleging that on September 10, 2008, respondent committed the offense of resisting a peace officer, a Class A misdemeanor (720 ILCS 5/31-1(a) (West 2006)) (count II).

On October 27, 2008, the State filed another supplemental wardship petition, alleging that on October 13, 2008, respondent committed aggravated battery, a Class 3 felony (720 ILCS 5/12-4(b)(3) (West 2008)) (count III).

On January 12, 2009, the State again filed a supplemental petition for wardship, alleging that on January 9, 2009, respondent committed aggravated battery, a Class 3 felony (720 ILCS 5/12-4(b)(8) (West 2008)) (count IV), and mob action, a Class 4 felony (720 ILCS 5/25-1(a)(1) (West 2008)) (count V).

On February 5, 2009, respondent pleaded guilty to aggravated battery (count III). In exchange for his guilty plea, the State agreed to dismiss counts I, II, IV, and V in its petition. The trial court accepted respondent's plea and dismissed the remaining counts. The court adjudicated respondent delinquent and set a sentencing date of April 1, 2009. Respondent was released into his mother's custody pursuant to a pretrial conditions order. Under the terms of that order, respondent was, inter alia, not to violate any laws.

On March 9, 2009, however, respondent was taken into custody for possession with intent to deliver (cannabis) (720 ILCS 550/5(c) (West 2008)) (case No. 09-JD-57). Respondent

- 2 -

remained in custody until his April 1, 2009, sentencing hearing.

On April 1, 2009, the trial court sentenced respondent as stated and awarded him 51 days' sentence credit. The court also granted the State's motion to withdraw and dismiss its petition in case No. 09-JD-57.

On April 14, 2009, respondent filed a motion to reconsider sentence, which the trial court denied.

This appeal followed.

## II. ANALYSIS

On appeal, respondent argues he is entitled to six additional days' sentence credit. Specifically, respondent contends he is entitled to the following additional sentence credit: one day for March 20, 2008; one day for May 26, 2008; one day for September 13, 2008; one day for October 13, 2008; and two days for April 1, 2009, and April 2, 2009.

The State argues respondent is entitled to only one additional day of credit. Specifically, the State concedes respondent should be credited one additional day for October 13, 2008, i.e., the day respondent was taken into custody on the offense for which he was sentenced.

### A. Standard of Review

A trial court is statutorily mandated to give a minor credit for his predisposition detention. 705 ILCS 405/5-710(1)(a)(v) (West 2008); In re J.T., 221 Ill. 2d 338, 353, 851 N.E.2d 1, 10 (2006). We review the application of a statute de novo. People v. Evans, 391 Ill. App. 3d 470, 472, 907 N.E.2d

- 3 -

935, 937 (2009).

### B. Sentence Credit

A juvenile who is committed to DOJJ for an indeterminate term with the maximum not to exceed the period an adult would serve for the same offense is entitled to predisposition credit for the time he was incarcerated. J.T., 221 Ill. 2d at 353, 851 N.E.2d at 10. A juvenile should receive credit against his sentence for any part of a day for which he spent some time in custody. See People v. Compton, 193 Ill. App. 3d 896, 903-04, 550 N.E.2d 640, 645 (1990). However, "a defendant will not be credited for the day of sentencing in which he is remanded to the Department of Corrections [(DOC)]." People v. Foreman, 361 Ill. App. 3d 136, 157, 836 N.E.2d 750, 768 (2005). The same rule applies to juveniles remanded to DOJJ.

### 1. Calculation of Awarded Sentence Credit

In this case, the trial court awarded respondent 51 days' sentence credit. While the court did not break down the specific days awarded, the record shows respondent was awarded 28 days for time served in pretrial detention from January 9, 2009, through February 5, 2009, and 23 days for his presentence detention from March 9, 2009, to, but not including, April 1, 2009, the day the court sentenced and remanded him to the custody of DOJJ.

Section 5-705(3) of the Juvenile Court Act of 1987 (Juvenile Act) permits a minor's release from detention prior to sentencing to allow time to prepare a social investigation report

or to gather other evidence relevant to sentencing. See 705 ILCS 405/5-705(3) (West 2008). In such an event, the minor's release from detention is "subject to supervision by the court during the period of the continuance." 705 ILCS 405/5-705(3) (West 2008).

In this case, respondent was released into the custody of his mother subject to the terms of the February 5, 2009, pretrial conditions order. Respondent violated that order when he was arrested on March 9, 2009, for possession of cannabis. Respondent was returned to detention on March 9, 2009, and remained in custody until his April 1, 2009, sentencing hearing, for a total of 23 days' presentence detention.

### 2. October 13, 2008

The State concedes respondent is entitled to one day of additional sentence credit for October 13, 2008, because that was the day he was taken into custody for the aggravated-battery offense for which he was sentenced. We accept the State's concession and agree.

Section 5-710 of the Juvenile Act provides "[t]he minor shall be given credit on the sentencing order of detention for time spent in detention *** as a result of the offense for which the sentencing order was imposed." 705 ILCS 405/5-710(1)(a)(v) (West 2008).

In this case, the record shows respondent was arrested on October 13, 2008, for the aggravated battery of a dean at his high school. Respondent was in the dean's office for leaving class and refusing to go back. Respondent became uncooperative

and forcefully pushed his shoulder into the dean's chest while exiting the dean's office. On February 5, 2009, respondent pleaded guilty to that aggravated-battery offense, and on April 1, 2009, the trial court sentenced respondent for that offense. However, the record does not show respondent received sentence credit for the day he was taken into custody on that offense. As a result, respondent is entitled to one additional day of credit for time spent in custody on October 13, 2008.

### 3. Three Days' Credit

Respondent also requests sentence credit for the three days he spent in custody as a result of the following offenses: resisting a peace officer on March 20, 2008 (one day); battery on May 26, 2008 (one day); and resisting a peace officer on September 10, 2008 (one day).

The State argues those offenses are unrelated to the October 13, 2008, aggravated battery of a high school dean--the offense for which he was sentenced. As a result, the State maintains respondent is not entitled to credit for those days.

As stated, respondent should be credited for time spent in detention as a result of the offense for which the sentencing order was imposed. 705 ILCS 405/5-710(1)(a)(v) (West 2008).

In this case, however, the October 13, 2008, aggravated-battery offense for which respondent was sentenced is not related in any way to the three offenses cited by respondent.

On March 20, 2008, police were investigating a scene after a large fight occurred. During the investigation, police

attempted to question respondent, who tried to walk away from the officers. When they attempted to detain respondent, he resisted them. Respondent was taken into custody for resisting a peace officer.

On May 26, 2008, respondent was taken into custody for battery after police observed him and another individual fighting with a third person. Respondent was not charged with an offense.

On September 10, 2008, police were investigating allegations that respondent threatened to shoot another student. During the investigation, respondent attempted to leave after being told he was not free to do so. Respondent was charged with resisting a peace officer.

Here, the three offenses for which respondent spent the corresponding three days in custody are unrelated to the October 13, 2008, offense for which respondent was sentenced. As a result, respondent is not entitled to sentence credit for those three days against his sentence for aggravated battery. See 705 ILCS 405/5-710(1)(a)(v) (West 2008).

### 4. <u>April 1, 2009, and April 2, 2009</u>

Finally, respondent requests two additional days' sentence credit for the two days he spent in custody following the April 1, 2009, oral pronouncement of his sentence, but prior to his April 3, 2009, transportation to DOJJ. In respondent's reply brief, respondent concedes he is not entitled to credit for April 3, 2009, the day of transfer, but that he is entitled to credit for the sentencing date and the day between sentencing and

transfer into DOJJ custody.  We agree.

As previously stated "a defendant will not be credited for the day of sentencing in which he is remanded to [DOC]." Foreman, 361 Ill. App. 3d at 157, 836 N.E.2d at 768.  However, section 5-8-7(a) of the Unified Code of Corrections provides that "[a] sentence of imprisonment shall commence on the date on which the offender is received by [DOC] or the institution at which the sentence is to be served."  (Emphasis added.)  730 ILCS 5/5-8-7(a) (West 2008).  The same rule applies to juveniles received by DOJJ.

On April 1, 2009, the trial court sentenced respondent and "remanded [him] to the custody of [c]ourt [s]ervices for transport to [DOJJ]."  However, the "Warrant for Commitment," filed April 7, 2009, shows he was not delivered into DOJJ custody until April 3, 2009.  Likewise, the April 7, 2009, docket entry shows the following: "[r]eceived [w]arrant for [respondent] 04-03-09."

In this case, the record shows respondent was not transported to DOJJ the same day as sentencing.  Instead, he was transported two days later, on April 3, 2009.  As a result, we find respondent should receive credit for the two days--April 1, 2009, and April 2, 2009--he spent in custody prior to his April 3, 2009, transfer into DOJJ custody.

### III. CONCLUSION

For the reasons stated, we affirm respondent's sentence as modified.  We remand with directions to modify the sentencing

judgment to reflect three additional days' sentence credit against respondent's sentence for aggravated battery.

Affirmed as modified and remanded with directions.

KNECHT and APPLETON, JJ., concur.