No. 2—10—0110
Opinion filed April 19, 2011

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* MERRILEE M., Alleged to be a | ) | Appeal from the Circuit Court |
| Person Subject to Involuntary Treatment | ) | of Kane County. |
| | ) | |
| | ) | No. 10—MH—10 |
| | ) | |
| (The People of the State of Illinois, | ) | Honorable |
| Petitioner-Appellee, v. Merrilee M., | ) | Susan Clancy Boles, |
| Respondent-Appellant). | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Hutchinson and Birkett concurred in the judgment and opinion.

**OPINION**

Respondent, Merrilee M., appeals from the trial court's order authorizing the involuntary administration of psychotropic medication for up to 90 days pursuant to section 2—107.1 of the Mental Health and Developmental Disabilities Code (Code) (405 ILCS 5/2—107.1(a—5)(5) (West 2008)). Respondent contends that the State failed to prove by clear and convincing evidence that (1) she had deteriorated in her ability to function, (2) she experienced suffering, and (3) she was provided with written information regarding the proposed medications. We need not address these issues, however, because this appeal is moot.

This appeal is moot because the 90-day period covered by the trial court's order has already expired. *In re Robert S.*, 213 Ill. 2d 30, 45 (2004). "An appeal is considered moot where it presents no actual controversy or where the issues involved in the trial court no longer exist because intervening events have rendered it impossible for the reviewing court to grant effectual relief to the complaining party." *In re J.T.*, 221 Ill. 2d 338, 349-50 (2006). Generally, courts of review do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided. *In re Barbara H.*, 183 Ill. 2d 482, 491 (1998). Reviewing courts, however, recognize exceptions to the mootness doctrine, such as (1) the public-interest exception, applicable where the case presents a question of public importance that will likely recur and whose answer will guide public officers in the performance of their duties; (2) the capable-of-repetition exception, applicable to cases involving events of short duration that are capable of repetition, yet evading review; and (3) the collateral-consequences exception, applicable where the involuntary treatment order could return to plague the respondent in some future proceedings or could affect other aspects of the respondent's life. *In re Alfred H.H.*, 233 Ill. 2d 345, 355-62 (2009); *J.T.*, 221 Ill. 2d at 350; *In re Wathan*, 104 Ill. App. 3d 64, 66 (1982).

None of these exceptions apply in this case. First, the issues that respondent raises on appeal are nothing more than standard sufficiency-of-the-evidence claims, thus removing them from the realm of the public-interest exception. See *Alfred H.H.*, 233 Ill. 2d at 356-58 (declining to apply the public-interest exception where the issues presented on appeal involved only questions regarding the sufficiency of the evidence). Second, for the capable-of-repetition exception to be applicable, "there must be a substantial likelihood that the issue presented in the instant case, and any resolution thereof, would have some bearing on a similar issue presented in a subsequent case." *Alfred H.H.*,

233 Ill. 2d at 360. Respondent does not explain how a resolution of whether the State presented sufficient evidence at this hearing would have any bearing on any subsequent cases involving the involuntary admission or treatment of respondent. Accordingly, respondent has failed to demonstrate that the capable-of-repetition exception is applicable. See *Alfred H.H.*, 233 Ill. 2d at 360 (holding that the respondent failed to carry his burden of establishing the applicability of the capable-of-repetition exception where the respondent disputed only "whether the specific facts that were established during the hearing in this specific adjudication were sufficient"). Finally, the collateral-consequences exception is inapplicable in this case because any negative consequences that respondent might suffer as a result of the trial court's order for involuntary treatment would otherwise exist due to respondent's involuntary admission during the present treatment, her two hospital admissions for mental health treatment prior to the present case, and her previous use of psychotropic medication. See *Alfred H.H.*, 233 Ill. 2d at 362-63 (determining that the collateral-consequences exception did not warrant review of the respondent's involuntary admission order where the respondent had been previously subject to multiple orders for involuntary admission and was a convicted felon).

As none of the exceptions to the mootness doctrine apply, we will not review any of respondent's contentions on appeal.

Appeal dismissed.